# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:09CV332-3-T
## (1:07CR9-T)

| | |
|---|---|
| **NORMAN WADE MCCURRY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER OF DISMISSAL** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed August 21, 2009.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

## I. PROCEDURAL HISTORY

On February 6, 2007, Petitioner was charged with two counts of unlawful possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).  **Bill of Indictment, filed February 6, 2007.**

Thereafter, the Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to Count One of the indictment in exchange for the Government's dismissal of Count Two.  *See* **Amended Plea Agreement, filed April 27, 2007.**  On May 4, 2007, Petitioner appeared with counsel and formally entered his guilty plea at a Rule 11 hearing before the Magistrate Judge.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 4, 2007.**  On September 25, 2007, the undersigned sentenced Petitioner to 37 months imprisonment.  **Judgment in a Criminal Case, filed October 4, 2007.**  Petitioner did not file an appeal.  Therefore, Petitioner's conviction became final ten days from October 4, 2007, or on or about October 18, 2007.  Petitioner signed his §

2255 motion August 18, 2009, and was filed by the Clerk on August 21, 2009.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section.  The limitation period shall run from the latest of-
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented form making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

## III. DISCUSSION

Petitioner had one year from the date his conviction became final to file his motion to vacate.  Petitioner's conviction became final on or about October 18, 2007; therefore, the one year period in which to file a

post-conviction proceeding expired on October 18, 2008. Petitioner filed the instant motion on August 21, 2009, almost one year after his case became final for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore, the Court concludes the Petitioner's motion is untimely filed.

Petitioner concedes that his motion is late, but argues that he thought his state and federal sentences would run concurrently but only recently became aware that his sentences were not running concurrently.[1] While it is well settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner's stated reason for the late filing does not justify equitable tolling. While the limitation period for § 2255 motions is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. **United States v. Prescott**, **221 F.3d 686, 688 (4th Cir.**

---

[1] The Court notes that Petitioner was sentenced in this Court on September 25, 2007, and was sentenced in state court on May 1, 2008, almost one year later. Petitioner claims his plea agreement in state court included a provision that his state sentence should run concurrently with any sentence imposed by a federal court for his firearm possession charges related to his state charges. To the extent Petitioner is claiming that his plea agreement has been violated, such agreement was not violated in this Court. Moreover, to the extent that Petitioner is challenging the execution of his sentence, a § 2255 motion is not the proper vehicle to bring this type of claim. **United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).**

2000). It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" *Prescott*, 221 F.3d at 688 (quoting *Harris*, 209 F.3d at 330).

Here, Petitioner claims he should benefit from equitable tolling because he was essentially unaware of his claim until only recently. In applying the above cited test to Petitioner's particular situation, Petitioner fails to establish that the facts causing his late filing are extraordinary, out of his control, and prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his motion will not save his petition. *Harris*, 209 F.3d at 688; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (Neither petitioner's unfamiliarity with legal process

**nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason.).**

For the foregoing reasons, this Court concludes that Petitioner's motion is untimely, does not qualify for equitable tolling, and therefore, must be dismissed.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE** as untimely.

Signed: August 26, 2009

Lacy H. Thornburg
United States District Judge